John Andrew SMITH, Executor of the
Estate of Jamie H. Smith,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 85–3061.

United States Court of Appeals,
Seventh Circuit.

Argued May 16, 1986.

Decided Sept. 19, 1986.

J. Michael O'Byrne, Reno O'Byrne & Kepley, Champaign, Ill., for plaintiff-appellant.

Deborah Mbye, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CUDAHY and FLAUM, Circuit Judges, and CAMPBELL, Senior District Judge.*

CUDAHY, Circuit Judge.

John Andrew Smith (the "husband"), executor of the estate of Jamie H. Smith (the "decedent"), filed this appeal to recover $14,103.63 in estate taxes and interest from the United States. Appellant contends that

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

the taxed property was bequeathed to him in fee simple and should therefore be subject to the marital deduction under Section 2056 of the Internal Revenue Code of 1954. 26 U.S.C. § 2056. The United States claims that Smith only received a life estate in the property, a terminable interest not subject to the marital deduction. Both sides filed for summary judgment in the District Court for the Central District of Illinois. The court granted the United States' motion and denied the appellant's. We affirm.

Jamie H. Smith died on January 16, 1979, leaving a will dated November 15, 1974 and two codicils dated May 15, 1978 and January 12, 1979. In Article Second of her will, dated November 15, 1974, decedent gave all of her estate to her surviving spouse except for certain real estate and mineral interests which were described in Article Third. Article Third established a testamentary trust and listed specific real estate and mineral interests to be given to the trustee, including the parcels of real estate at issue in this case. Decedent's spouse was the lifetime beneficiary of this trust, with the remainder interest to be divided per stirpes by decedent's four sons. The trust was to last until January 1, 2000 or the date of the death of decedent's surviving spouse, whichever occurred later. The will prohibited the trustee from selling or mortgaging the real estate during this period.

By codicil of May 15, 1978, decedent amended Article Third of her will to give her son Daniel M. Smith, from the date of her death to January 1, 2000, the right to purchase by negotiation the undivided remainder interest or any undivided portion of that interest from his three brothers. That codicil also provided that during that period, "the farm" was to be held as a unit with no acres sold therefrom.

Four days before her death, decedent executed a second codicil. This revoked Article Second to her will, which had bequeathed her entire estate to her husband less the property specified in Article Third. In its place, the codicil provided that the husband was to receive, "property equal in value to the maximum marital deduction allowable in [decedent's] estate for purposes of determining the Federal estate tax." Second Codicil to the Last Will and Testament of Jamie H. Smith, Appellant's Appendix at 14.

Article Three of the codicil amended Article Third of the original will to account for certain land which had been placed in a land trust during Jamie Smith's lifetime and was therefore removed from the testamentary trust. The beneficial interest in this land trust was divided among decedent's four sons. Article Four of the second codicil was a residuary clause passing the remainder of the estate to the trustee named in Article Third of the original will. This amendment also provided that trust land could be sold with the consent of the husband during his lifetime and after his death by the unanimous agreement of the sons. Article Five stated, "Except as herein amended, I hereby ratify and confirm my aforesaid will and the First Codicil thereto." Following decedent's death, the estate was admitted to probate on February 13, 1979. In October 1979, John Smith disclaimed all property interests qualifying for the marital deduction except for certain personalty and realty specified in the disclaimer, including the real property at issue here. As executor of the estate, John Smith filed an estate tax return on January 3, 1980 with the disclaimer attached. The return claimed a marital deduction of $122,194 from an adjusted gross estate of $473,474.

The Internal Revenue Service ("IRS") audited the return and disallowed Smith's deduction of $29,755 for two of the parcels of real estate that the original will had included in the testamentary trust. Smith, the IRS contended, received only a life estate in those parcels making them ineligible for a marital deduction under Section 2056(b) of the Internal Revenue Code. 26 U.S.C. § 2056(b). Thereafter, the IRS issued to the estate a Statement of Tax Due based on the disallowed deduction. The statement showed taxes owing of $9,186 plus

interest of $4,917.63 for a total due of $14,103.63. Appellant paid the deficiency in June 1983. He then filed a claim for a refund with the Commissioner of Internal Revenue under Section 7422(a) of the Internal Revenue Code. 26 U.S.C. § 7422(a). When a refund did not issue within six months, appellant filed a refund suit in federal district court.

After receiving motions for summary judgment from both sides, the district court determined that the case presented no genuine issue of material fact. The court granted the government's motion, finding that decedent's two codicils never explicitly revoked the portion of the original will which placed the disputed real estate in trust and granted the husband only a life estate in the property. The court found nothing in the codicils to override decedent's primary aim of using a trust to restrain alienation and keep the parcels intact and in her family until the year 2000. Because the codicils could be read consistently with the original will, the court would not read the second codicil to revoke Article Third. John Smith now appeals.

## I.

In her original will and last testament of 1974, decedent left her husband her entire estate by outright gift in Article Second except for certain specified real estate and mineral rights which were left in a testamentary trust created by Article Third. In these specified parcels, the husband received only a life estate. Both parties agree that the original will left the husband only a terminable interest in these parcels, which is not subject to the marital deduction. *See* 26 U.S.C. § 2056(b)(1); *Brantingham v. United States*, 631 F.2d 542, 543 (7th Cir.1980) ("Interests which terminate after a lapse of time, including a life estate, do not qualify for the marital deduction.").

The parties differ over the meaning of the second codicil, which Jamie Smith executed in January 1979. This revoked the outright gift made in Article Second of the original will and instead left the husband "property equal in value to the maximum marital deduction allowable in my estate for purposes of determining the federal estate tax." This codicil does not expressly refer to the property left in the testamentary trust by the original will and the United States argues that both codicils, taken as a whole, evince no intent to affect this trust.

John Smith, as plaintiff-appellant, argues that because the decedent intended through the second codicil to give him property equal in value to the maximum marital deduction and this could not be fully accomplished without including in his bequest the property originally placed in trust, decedent must have intended the codicil to abolish the trust and instead leave him the property in fee simple. To assume that decedent intended her husband only to receive as a gift certain property that later proved insufficient to satisfy the maximum marital deduction, plaintiff argues, amounts to a finding that she did not know the extent of her bounty.

Under Illinois law, which governs this case, "The intent sought is not that presumed to have been in the testator's mind but rather that which was expressed by language in the will." *Estate of Laas*, 134 Ill.App.3d 504, 509, 89 Ill.Dec. 440, 444, 480 N.E.2d 1183, 1187 (1985). It is a cardinal rule of will construction that, if at all possible, the testator's intent is to be derived from the four corners of the documents in question. *Estate of Smith*, 107 Ill.App.3d 1038, 1042, 63 Ill.Dec. 622, 626, 438 N.E.2d 553, 556 (1982); *Estate of Sax*, 92 Ill.App.3d 787, 791, 48 Ill.Dec. 278, 282, 416 N.E.2d 309, 312 (1981).

When a will has been amended by codicil, Illinois courts attempt to read the amendments and the original document together so as to give effect to every provision. As the court said in *Alford v. Bennett*, 279 Ill. 375, 387, 117 N.E. 89, 93 (1917):

A will and codicil should be so construed as to give effect to every word and every part thereof without change or modification, and the several clauses should be made to harmonize so as to give effect to

every provision, provided such construction is not inconsistent with the general intent and purpose of the testator, as gathered from the entire instrument. *See Clark v. Todd,* 310 Ill. 361, 366, 141 N.E. 758, 760 (1923).

■ A codicil does not supersede a will and will not alter the terms of the original document unless the codicil shows a clear revocation of the will. *Clark,* 310 Ill. at 366, 141 N.E. at 760; *Tolman v. Reeve,* 393 Ill. 272, 283, 65 N.E.2d 815, 820 (1946). A revocation will not be found by implication unless there is an absolute inconsistency between the codicil and the provision in the original document. *Alford v. Bennett,* 279 Ill. at 386, 117 N.E. at 93. As the court held in *Jackman v. Kasper,* 393 Ill. 496, 66 N.E.2d 678:

> [I]t is an invariable rule that a codicil will revoke the provisions of a will only to the extent absolutely necessary to give effect to the provisions of the codicil which are repugnant to or inconsistent with those of the will, and if a codicil can be given *any* operative effect consistently with the provisions of the will, the latter provisions are deemed to be unaffected by the codicil, although the terms of the codicil may on their face, if construed alone without reference to the will, be sufficient to dispose of the property disposed of by the will.

393 Ill. at 511, 66 N.E.2d at 686 (emphasis added); *see also Estate of Francoeur,* 8 Ill.App.3d 567, 572, 290 N.E.2d 396, 399 (1972).

■ Here, there is no clear revocation of the trust created in Article Third of decedent's will. Plaintiff argues, however, that there is an "absolute inconsistency" between decedent's intent to bequeath to her husband property equal to the full value of the marital deduction and her creation of a testamentary trust in her original will. The second codicil, he concludes, must have been intended to leave him a gift in fee simple of the property in which he received

merely a life estate in the original will. Illinois courts are rightly hesitant to find gifts by implication and will only do so when, "no reasonable doubt as to the intention to make the gift can exist." *Weir v. Leafgreen,* 26 Ill.2d 406, 411, 186 N.E.2d 293, 296 (1962); *Bradshaw v. Lewis,* 54 Ill.2d 304, 308, 296 N.E.2d 747, 750 (1973) (only under rare circumstances will Illinois courts find gifts by implication). Such a conclusion is unnecessary in the instant case. The second codicil and the original will are not inherently inconsistent and incompatible. The desire expressed in the codicil to give the husband a maximum marital deduction may not be *fully* attainable without including the two parcels of property bequeathed to the testamentary trust, but that is not the test for an implied revocation. The test is that if the codicil can be given *any operative effect* consistent with the provision of the will, the will remains intact. Here, the desire to provide the husband with a marital deduction was substantially achieved. The IRS apparently allowed John Smith a marital deduction of $92,439.[1]

Similarly, it is not a tenable argument that to find the original testamentary trust unaltered by the second codicil means the decedent was unaware of the extent of her bounty. As the plaintiff admits, to know one's bounty does not mean to know to the precise penny how possessions will be valued and taxed after death. As the government contends in its brief, valuation of an estate depends on many factors that are beyond a testator's foresight. Here, to preordain the value of her husband's marital deduction, decedent would have had to know, *inter alia,* the value of her property at the time of her death, its value six months after her death, the outcome of the IRS audit, and the cost of her funeral expenses, not to mention the date of her death. Article Two of her second codicil was intended to protect her husband from excessive tax in case the estate was worth

---

1. This figure can be derived by subtracting the disallowed $29,755 deduction for the two par-

cels from the $122,194 originally claimed.

more than it ultimately was. It was not intended to disturb her desire to keep certain property in trust and in the family.

Our conclusion that the codicil does not eliminate the testamentary trust is buttressed by the fact that Jamie Smith knew how to unambiguously revoke provisions of her will when she wanted to. Article Two of her second codicil, which tracks Article Second of the original will, says "Article Second of my will is revoked." No such language of revocation is used with respect to Article Third of the original will. *See Clark v. Todd*, 310 Ill. at 366, 141 N.E. at 760 ("the determination expressed by the codicil to alter the will in a specific particular negatives an intention to make any other change in the will"). On the contrary, Article Three of the second codicil withdraws certain land placed in a land trust from the testamentary trust. This withdrawal would have been unnecessary unless decedent expected the testamentary trust to continue for the rest of the property described in Article Third. Our conclusion is also strengthened by decedent's language of ratification in Article Five of the second codicil. This language shows a desire to maintain the plan of the original will to the extent possible. *See Tolman v. Reeve*, 393 Ill. 272, 282–83, 65 N.E.2d 815, 820 ("Where ... the codicil does not contain a clause of revocation but, instead, includes specific clauses of ratification, the provisions of the will are to be disturbed only so far as is necessary to effectuate the provisions of the codicil."); *see also Clark v. Todd*, 310 Ill. at 366, 141 N.E.2d at 759–60.

For the foregoing reasons the judgment of the district court is AFFIRMED.